**Joanna Green SLADEK, Administratrix of the Estate of Howard Green, Deceased, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, et al., Defendants.**

**Civ. A. No. 1–157.**

United States District Court, S. D. Iowa, Davenport Division.

Aug. 3, 1954.

D. C. Nolan and William L. Meardon, Iowa City, Iowa, for plaintiff.

Walter A. Newport, Jr., of Cook, Blair & Balluff, Davenport, Iowa, for defendants.

RILEY, District Judge.

In this cause defendants have served 33 requests for admissions upon the plaintiff to which, with the exception of 1 (f) and 24 she declined to answer. Thereupon, defendants moved that the requests be deemed admitted and, upon resistance, the matter was submitted and considered upon the written statements of counsel.

The suit is for damages in a large amount on account of the death of Howard Green, plaintiff's decedent, 23 years of age, who was fatally injured as the result of an explosion occurring to an air conditioning unit on or about which deceased was working on Sept. 7, 1950, in a store at Muscatine, Iowa. Information pertaining to various parts of the air conditioning unit in question, their function and operation is being sought by the

requests above mentioned from plaintiff. She resists mainly because:

"Plaintiff has no personal knowledge of any of the matters or things stated and referred to therein sufficient to enable her to form a belief as to the truth thereof and she therefore is required to deny the truth of the alleged facts therein asserted."

Movant however contends, among other things, that

"A party upon whom a request is served might not know whether such fact is true or not. There is nothing in the rule to require such adverse party to ascertain the truth or falsity of the fact concerning which the request is made; however, knowing that he will have to pay the costs if the truth of the fact is proven at the trial, it is a material inducement to that party to ascertain whether or not the fact is true if, indeed, he does not know."

And that, plaintiff having made no attempt to answer the requests in the spirit and mandate of Rule 36, 28 U.S.C.A., the compulsion of the rule should be applied and admissions deemed to be had thereof.

Obviously, many of the matters on which defendants insist answers should be made specifically admitting or denying the truth thereof by plaintiff in this instance, are entirely subjective to her in relation to the deceased. Of course, if Howard Green had survived and it was he to whom these requests were directed and his response had been like that of the present plaintiff, the court would unhesitatingly apply the sanctions of Rule 36 as demanded by defendants. But when the matters are not ordinarily within the knowledge of the party to whom the requests are directed, the court is disinclined to yield to defendants' contentions. Certainly a party should not be required to make an independent investigation of such matters for the opposing side or his adversary. Defendants' motion must be overruled.